CASANOVAS & CÍA., SUCRS., INC., Petitioner, *v.* COURT OF TAX APPEALS OF PUERTO RICO, Respondent.

No. 1295.  Argued June 24, 1942.—Decided November 18, 1942.

*Oscar Souffront* for petitioner. *George A. Malcolm, Attorney General,* and *M. Rodríguez Ramos, Deputy Attorney General,* for Treasurer, intervener.

Mr. Justice De Jesús delivered the opinion of the court.

On November 1, 1938, the Treasury Department notified the petitioner of certain deficiencies in its income tax return corresponding to the calendar years 1932, 1933, and 1934, said deficiencies amounting to $223.06 for the first year mentioned, $275.89 for the second, and $1,240.31 for the third. The taxpayer appealed to the Board of Review and Equalization and based its appeal, as to the years 1932 and 1933, on the ground that the Treasurer of Puerto Rico had erred in not granting the deduction of its president's annual salary amounting to $2,400, in refusing the same deduction for the year 1934, and also $1,200 as the annual salary of the corporation's secretary, as well as the credit of $3,000 authorized by law to corporations and associations, and $350 for depreciation of buildings. On February 18, 1941, the hearing was held before the Board of Review and Equalization, but since that board was abolished under Act No. 172 of May 13, 1941 (Laws of 1941, p. 1038), before rendering its decision, the record of the case was sent to the Court of Tax Appeals, which court, without hearing further evidence and relying on the facts appearing from the record sent by the abolished board, rendered its decision on April 28, 1942, which was recorded on May 1, 1942, affirming in all its parts the order of the Treasurer.

Feeling aggrieved by the decision rendered by the Court of Tax Appeals, the taxpayer, on May 28, 1942, instituted the present proceeding of certiorari with the intervention of the Treasurer of Puerto Rico. Subsequently, that is, on June 3d last, the Court of Tax Appeals modified the decision appealed from, granting the deduction of the credit for $3,000 corresponding to the year 1934, which had been refused by the Treasurer. Therefore, since the petitioner abandoned its claim for $350 for the depreciation of buildings, the question left for decision is whether it was error to refuse the

deduction of the salaries of the president and the secretary during the three years above mentioned.

Meanwhile, the Treasurer filed a motion praying for the annulment of the writ of certiorari issued on the ground that this court lacks jurisdiction to entertain the same (a) because, as alleged by him, the proceeding of "appeal by way of certiorari" instituted by the petitioner does not lie; (b) because if said proceeding should lie, the petitioner has not complied with the jurisdictional prerequisite of paying the tax determined as correct by the Court of Tax Appeals, before appealing to the Supreme Court; and (c) because even if this court has jurisdiction and the relief granted was adequate and conformable to the statutory requirements, the petition for certiorari would not set forth facts sufficient to constitute a cause of action, since by such proceeding it is sought to review the findings reached by the respondent court without there being a showing that said court had committed any error reviewable by certiorari.

The first question raised by the Treasurer, that is, whether the proper remedy to review the decision of the Court of Tax Appeals is by way of certiorari or by ordinary appeal, as provided by the Code of Civil Procedure, for judgments rendered by district courts, has already been decided by this court against the Treasurer in the case of *Mayagüez Sugar Co. v. Court of Tax Appeals*, 60 P.R.R. 737, and there is nothing we can add to our reasoning there.

Let us now consider the second question raised by the Treasurer. Section 57 of the Income Tax Act, as amended by Act No. 23, approved November 21, 1941 (Spec. Sess. Laws, p. 72) provides in part as follows:

". . . If an appeal is taken to the Court of Tax Appeals of Puerto Rico in the manner provided by this Act, and said court determines that there is a deficiency, the amount determined by the court shall be levied by the Treasurer with interest at the rate of six (6) per cent per annum from the date prescribed for the payment of the first instalment of the tax, and shall be fully paid by

the taxpayer upon order of the Treasurer.'' (Laws of.1941, Special Session, p. 82.)

Section 76, as amended by the same Act No. 23 provides in its pertinent part as follows:

''Section 76.—(*a*) Whenever a taxpayer should not agree with a deficiency or part of a deficiency determined by the Court of Tax Appeals of Puerto Rico under Section 57(*b*) of this Act, he shall be obliged, nevertheless, to pay it in full, and if he should desire to appeal to the Supreme Court of .Puerto Rico in the manner provided by law, in making the payment he shall protest of the part of the deficiency with which he does not agree and he shall request the collector or official making the collection to endorse his protest on his receipt, specifically setting forth the part of the tax which is paid under protest, and said receipt, or a certified copy thereof, shall form part of. his appeal to the Supreme Court, without which requirement the said court shall not have jurisdiction.'' (Id. at p. 88.)

In the instant case, when the petition for certiorari was filed in this court on May 28, 1942, the Treasurer of Puerto Rico had not yet levied or collected the deficiency determined by him, pursuant to §57, *supra,* and Rule 43 of the Rules of Practice of the Court of Tax Appeals. Consequently, the petitioner was unable to pay the tax. On June 9th following, that is, within the ten days allowed by the Treasurer after notifying the tax assessment, it made the payment. Thereupon, on June 12, the petitioner filed with this court a ''Supplementary Pleading'' and attached thereto the tax receipts, formally setting forth in each one the amount paid under protest. Upon learning the reason why the petitioner had not attached the tax receipts to its motion for certiorari, counsel for the Treasurer expressly waived in the brief their plea of lack of jurisdiction on which they had based their motion seeking the annulment of the writ. Since there is involved herein a question which, if successful, would bar this court from entertaining the case, and considering that the consent of the parties does not vest us with jurisdiction

over such a question, we must disregard said waiver and determine, independently, whether or not we have jurisdiction to take cognizance of the instant case.

As we have seen, pursuant to §76 a, transcribed in its pertinent part, the receipt of payment under protest, or a certified copy thereof, shall form part of the notice of appeal, that is, of the petition for certiorari filed in this court, *and failing that requisite, this court lacks jurisdiction.* This being so, when on May 28th last, the petitioner filed its petition for certiorari without attaching thereto the receipts, said petition, by express provision of law, did not confer on us jurisdiction to issue the writ of certiorari. We likewise lacked jurisdiction when the writ was notified to the respondent court on June 2d last.

■■ In view of these circumstances, we must now determine whether the filing of the "Supplementary Pleading" on June 12, to which the receipts of payment under protest were attached for the first time, vested us with jurisdiction, retroactively to May 29, on which date the writ of certiorari was issued. It did not, since an order rendered without jurisdiction is null and therefore does not carry any legal force retroactively. Inasmuch as the order of May 29th last is void, all subsequent proceedings arising therefrom are necessarily void, including, of course, the hearing of the case held on June 24th last.

However, as we held in the case of *González* v. *Court of Tax Appeals*, 60 P.R.R. 877, the 30-day term to file an "appeal by way of certiorari" begins to run when the clerk of said court records and files the computation made by the Treasurer, after ten days have elapsed since the latter has certified to the court that he notified said computation or levied the tax on the appellant. Since the purpose of the term of 10 days is to give the taxpayer an opportunity to prove to the court that the computation or assessment made by the Treasurer is erroneous—should the taxpayer think

so—if he pays the tax before the expiration of said term, such payment would be tantamount to accepting the computation as correct, and the appeal may then be taken at that time. In other words, the determination of the amount which the taxpayer has to pay, according to the respondent court, is thus effected. The decision then became final and inasmuch as the appeal through certiorari was taken on May 28, the same was perfected with the filing of the tax receipts on June 12, on which date the statutory period of thirty days allowed to appeal had not expired.

Since the jurisdiction of this court began on June 12, and not before, all the proceedings prior to that date are void and a new writ of certiorari must be issued, but since the record of the case has been already sent to us from the lower court, we shall acknowledge its receipt and hereby set January 18, 1943, for a hearing of the case.

Mr. Justice Travieso did not participate herein.